SARAH E. MELLEN, Respondent, *v.* WILLIAM C. BANNING, Sole Sur-
viving Executor of the Last Will, etc., of ABNER MELLEN, and
Others, Appellants.

*Appeal — affirmance, if error be not affirmatively shown.*

An order appealed from is presumed to be correct, and until the papers upon
appeal show that it should not have been granted, it necessarily devolves upon
an appellate court to affirm the order.

APPEAL by the defendants, William C. Banning and others, from
an order of the Supreme Court, made at the New York Special
Term, filed in the office of the clerk of the county of New York
on the 8th day of December, 1893, allowing plaintiff to serve an
amended and supplemental complaint herein, in place of the
amended complaint already served, and from each and every part
of said order except the portion which directed that the order here-
tofore entered herein and dated November 21, 1893, and filed
November 22, 1893, be vacated and set aside for irregularity under
rule 3 of this court, with ten dollars costs of motion, to be paid by
the plaintiff to adult defendants or to their attorney herein.

*Geo. Hill,* for the appellants.

*Henry Daily, Jr.,* for the respondent.

VAN BRUNT, P. J.:

If the papers upon which this appeal has been presented sus-
tained the allegations of the counsel for the appellants, that the
amended and supplemental complaint set up a new and different
cause of action from that contained in the amended complaint, it
seems to us that the order appealed from should be reversed.   But
the difficulty with the appellants' case, as contained in the papers is,
that it does not appear what the cause of action set up in the
amended complaint was.   It is true that, in the affidavits presented
by the appellants in opposition to the motion to serve the amended
and supplemental complaint, various grounds of objection thereto
are set up, amongst others, that the cause of action set up in the
proposed amended and supplemental complaint is inconsistent with

the cause of action set forth in the original and amended complaint, and that the plaintiff abandons the action as an action for the construction of the will, alleging that the power of sale contained in the will is void, and now seeks to recover a judgment admitting the power of sale to be valid, and that the power has been extinguished by the acts of the devisees named in the will.

If these objections appeared upon the papers presented upon the motion it is doubtful whether the court would have been justified in making the order. But as the amended complaint, then already served, does not appear in the papers upon appeal, it is impossible for the court to tell whether these grounds of objection are well founded or not. The order appealed from is presumed to be correct, and until the papers upon appeal show that it should not have been granted it necessarily devolves upon this court to affirm the same.

The order should be affirmed, with ten dollars costs and disbursements.

O'Brien and Parker, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.